

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 24166153**
**Date Processed: 12/07/2021**

| | |
|---|---|
| Primary Contact: | Tiffany A. Edouard<br>AAA Northeast<br>110 Royal Little Dr<br>Providence, RI 02904-1860 |
| Entity: | AAA Northeast<br>Entity ID Number  3382826 |
| Entity Served: | AAA Northeast |
| Title of Action: | Craig Zaccaria vs. AAA Northeast |
| Matter Name/ID: | Craig Zaccaria vs. American Automobile Association Northeast, Inc. (10364846) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Discrimination |
| Court/Agency: | Suffolk County Superior Court, MA |
| Case/Reference No: | 2184CV02586 |
| Jurisdiction Served: | Massachusetts |
| Date Served on CSC: | 12/06/2021 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Burger Law Group PLLC<br>617-419-7152 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

| Summons | CIVIL DOCKET NO. 2184 CV 02586 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Craig Zaccaria Plaintiff(s) vs. AAA Northeast and Wallace Porter, individually Defendant(s) | | Michael Joseph Donovan — Clerk of Courts Suffolk County COURT NAME & ADDRESS: SUPERIOR CIVIL COURT SUFFOLK COUNTY COURTHOUSE THREE PEMBERTON SQ. 12th Floor BOSTON, MASSACHUSETTS 02108 |

THIS SUMMONS IS DIRECTED TO __AAA Northeast__ (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the _____ Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a) Filing your **signed original** response with the Clerk's Office for Civil Business, _____ Court (address), by mail or in person **AND**

   b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Burger Law Group PLLC, One Boston Place, Suite 2600, Boston, MA 02108

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

A true copy Attest: 12-3-21 Deputy Sheriff Suffolk County

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings:**

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger _____, Chief Justice on _____, 20___. (Seal)

Clerk-Magistrate _[signature]_
Michael Joseph Donovan

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

### PROOF OF SERVICE OF PROCESS

I hereby certify that on _____. I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____
_____
_____

Dated: _____    Signature: _____

N.B. TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date:

rev. 1/2019

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY Suffolk Superior Court (Boston) |

| Plaintiff | Craig Zaccaria | Defendant: | AAA Northeast |
|---|---|---|---|
| ADDRESS: | 57 Oak Island Street #1 | ADDRESS: | 110 Royal Little Dr. |
| | Revere, MA 02151 | | Providence, RI 02904 |
| Plaintiff Attorney: | Sarah J. Burger | Defendant: | Wallace Porter |
| ADDRESS: | One Boston Place, Suite 2600 | ADDRESS: | 12 Laurel Street |
| | Boston, MA 02108 | | Danvers, MA 01923 |
| BBO: | | | |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | ☒ YES  ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A? ☐ YES ☒ NO

Is there a class action under Mass. R. Civ. P. 23? ☐ YES ☒ NO

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date
   1. Total hospital expenses
   2. Total doctor expenses
   3. Total chiropractic expenses
   4. Total physical therapy expenses
   5. Total other expenses (describe below)

   Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date     $55,000.00
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)     $50,000.00
   emotional distress and attorney's fees of at least $50,000

   TOTAL (A-F): $105,000.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
disability discrimination and retaliation

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X _____ Date: _____

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X _/s/ Sarah J. Burger_ Date: 11/5/21

SC0001: 1/22/2021     www.mass.gov/courts     Date/Time Printed:11-05-2021 17:02:12

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA, etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit – M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party †

| | |
|---|---|
| PA1 Contract Action Involving an Incarcerated Party | (A) |
| PB1 Tortious Action Involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES   ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

**A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.**
**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY**
**MAY RESULT IN DISMISSAL OF THIS ACTION.**

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>2184CV02586 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Zaccaria, Craig vs. Aaa Northeast et al | | Michael Joseph Donovan, Clerk of Court |
| TO: Sarah J Burger, Esq.<br>Burger Law Group PLLC<br>One Boston Place<br>Suite 2600<br>Boston, MA 02108 | | COURT NAME & ADDRESS<br>Suffolk County Superior Court - Civil<br>Suffolk County Courthouse, 12th Floor<br>Three Pemberton Square<br>Boston, MA 02108 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                                    **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 02/07/2022 | |
| Response to the complaint filed (also see MRCP 12) | | 03/09/2022 | |
| All motions under MRCP 12, 19, and 20 | 03/09/2022 | 04/08/2022 | 05/09/2022 |
| All motions under MRCP 15 | 03/09/2022 | 04/08/2022 | 05/09/2022 |
| All discovery requests **and depositions** served and non-expert depositions completed | 09/06/2022 | | |
| All motions under MRCP 56 | 10/05/2022 | 11/04/2022 | |
| Final pre-trial conference held and/or firm trial date set | | | 03/06/2023 |
| Case shall be resolved and judgment shall issue by | | | 11/09/2023 |

The final pre-trial deadline is <u>not the scheduled date of the conference</u>. You will be notified of that date at a later time. Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service. This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | | PHONE |
|---|---|---|---|
| 11/09/2021 | Paul Kenneally | | (617)788-8172 |

Date/Time Printed: 11-09-2021 15:35:23                                                                         SCV026\ 08/2018

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO:.

CRAIG ZACCARIA,
          Plaintiff,

v.

AAA NORTHEAST, and WALLACE PORTER, individually
          Defendants.

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY**

## NATURE OF CLAIM

1. This action is brought to remedy discrimination on the basis of disability and handicap, as well as for retaliation for opposition to unlawful discriminatory practices, in violation of the Massachusetts General Laws, Chapter 151B § 4 et seq. ("MGL").

2. Plaintiff, Craig Zaccaria, seeks declaratory relief, compensatory and punitive damages, and other appropriate legal and equitable relief pursuant to the MGL.

## JURISDICTION

4. This Court has jurisdiction over the above-named Defendants because they are either a citizen of, or conduct business in, the Commonwealth of Massachusetts, and Plaintiff's causes of action arise from its conduct within the Commonwealth of Massachusetts.

## PROCEDURAL REQUIREMENTS

5. Plaintiff filed a Charge of Discrimination on or about April 9, 2020 with the Massachusetts Commission Against Discrimination (hereinafter, "MCAD") docket number: 20BEM00728.

6. On or about October 22, 2021, Zaccaria requested that MCAD dismiss his Charge of Discrimination so he could pursue his claims in Court.

7. Accordingly, Zaccaria has fulfilled all procedural requirements necessary to file this action.

## PARTIES

5. Craig Zaccaria (hereinafter, "Plaintiff" or "Zaccaria"), is a 41-year-old male with a disability, as that term is defined by the MGL. He is a resident of Revere, Massachusetts.

6. AAA Northeast (hereinafter, "AAA" or "Defendant") is an employer as that term is defined according to the MGL, and is headquartered in Providence, Rhode Island.

7. Upon information and belief, Wallace Porter ("Porter") is a resident of Massachusetts and, at all relevant times, the Fleet Operations Supervisor at AAA Southern New England, a subsidiary of AAA Northeast.

8. Porter, at all relevant times, unlawfully aided and abetted AAA's illegal acts and is therefore both individually liable for his conduct, and rightfully named as a defendant herein pursuant to M.G.L. c. 151B § 4 (16).

## FACTUAL ALLEGATIONS

Zaccaria's Disabilities/Handicaps

9. In or around 2007, Zaccaria was diagnosed with panic disorder, major depression and generalized anxiety disorder. As part of his treatment, he takes medicine to treat recurrent symptoms associated with his anxiety and depression. Zaccaria also meets regularly with a therapist and psychiatrist.

10. Zaccaria's disabilities substantially impair one or more of his major life activities such as thinking, concentrating, and sleeping.

Zaccaria's Employment with AAA

9. On or about September 29, 2014, Zaccaria began working for AAA at its North Andover, MA location as a roadside technician. From in or around August 2017 until the end of his employment, Zaccaria's primary work location was AAA's Woburn, MA location.

10. Zaccaria's rate of pay was $19.58 per hour, and he generally worked thirty-six (36) hours each work week. His position required him to respond to calls on the highway from distressed motorists. This included, but was not limited to, diagnosing motor vehicle electrical components, changing tires, car batteries and towing vehicles.

11. Throughout his employment at AAA, Zaccaria either fulfilled or exceeded expectations, except when he needed time off or leave for treatment of his disabilities. On one occasion his supervisor, Wallace Porter ("Porter") disciplined him for taking authorized time off. On another occasion Porter tried to discipline him for not making enough battery sales when others whose battery sale scores were less than his were not disciplined.

12. On or about August 20, 2019, Zaccaria commenced a leave of

absence due to his anxiety. He remained on approved leave for a period of twelve weeks ending on or about December 23, 2019.

13. In or around August 2019, Zaccaria's physicians diagnosed him with substantial anxiety, which was exacerbated by his work conditions, particularly the illegitimate discipline by his supervisor, Wallace Porter. Dr. Gregory, Zaccaria's primary care physician, and David Jarsky, Zaccaria's therapist, found that Zaccaria's anxiety caused him an inability to focus at work. At that time, one of Zaccaria's physicians found that Zaccaria's anxiety interfered with his ability to function and was primarily caused by work issues, such as conflicts with his supervisor Wallace Porter.

14. While Zaccaria was on leave in the fall of 2019, AAA completed another performance review of Zaccaria, and for the first time since he commenced employment at AAA in 2014, his overall achievement to goals stated, "needs improvement."

15. In or around mid-December 2019, Zaccaria confirmed with Human Resources that he was "all set" to return to work. However, the day before Zaccaria was to resume working, Human Resources called to tell him that he was terminated from his position because he exceeded his FMLA protected time of twelve weeks and thus had too many absences, resulting in the loss of his position. However, this was not true.

16. Following his conversation with HR, Zaccaria contacted Joe Kozikis, the general manager, to ask that he retain his position at AAA. He complained to Kozikis that that he felt his supervisor, Wallace Porter, had verbally harassed him prior to commencing leave and had unfairly disciplined him because of his disability. As a result, Zaccaria was assigned Brian Hennessy as a manager. Kozikis assured Zaccaria that he could return to work.

17. Zaccaria did return from leave on December 26, 2019.

18. Upon returning to work, Zaccaria exceeded AAA's testing goals and scores.

19. Then on or about February 6, 2020, Zaccaria was given a 'final disciplinary notice,' stating that his conversion rates were low, signed by Porter.

20. Then despite Zaccaria's good scores, on March 5, 2020, Hubert Brown, ("Brown") fleet manager and Porter met with Zaccaria demanding that he resign because his battery scores were "terrible." Brown said, "you know what the next steps are. Why don't you just resign?" "Termination looks bad," and finally "OK then, pass in your badge and in keys. We are placing you on unpaid administrative leave until further notice." Porter said, "if they decide to bring you back you will get retroactive pay." Brown ended the conversation stating that HR would reach out to Zaccaria within several days.

21. Zaccaria made repeated attempts to contact Human Resources, to no avail. He remained on unpaid administrative leave from March 5, 2020 until he received notice of his termination from employment in or around April of 2020, for allegedly not meeting a battery sales quota.

22. Upon information and belief, other employees who did not meet the battery selling quota have not been disciplined or terminated for failing to do so.

23. Upon information and belief, the reasons provided by AAA for placing Zaccaria on so-called 'unpaid administrative leave' were pretext for discrimination, and instead Zaccaria was placed on unpaid administrative leave and eventually terminated because of his disability or handicap and in retaliation for engaging in protected activity pursuant to the MGL.

24. As a result of the above, Zaccaria suffered and continues to

suffer lost wages, lost benefits, harm to his reputation, emotional distress, attorney's fees and costs, and interest.

## FIRST CAUSE OF ACTION
(Violation of M.G.L. c. 151B § 4(16))

25. Zaccaria repeats the allegations set forth above and below as if fully contained herein.

26. Zaccaria, at all relevant times, as an individual with an actual or perceived disability, was a member of a protected class.

27. Zaccaria's disability (anxiety) substantially limited one or more of his major life activities.

28. Zaccaria, at all times relevant hereto, was a qualified handicapped person.

29. Defendants were aware of Zaccaria's disability.

30. At all relevant times hereto, Zaccaria was capable of performing the essential functions of his position with or without a reasonable accommodation to his handicap.

31. AAA subjected Zaccaria to adverse employment practices by continually disciplining him, placing him on unpaid administrative leave and terminating him from employment.

32. Such practices were mere pretext for AAA to discriminate against Zaccaria on the basis of his disability.

33. As a result of Defendant's unlawful conduct, Zaccaria sustained damages including but not limited to lost wages, lost benefits, emotional distress, attorneys' fees, costs and interest.

## SECOND CAUSE OF ACTION
(Violation of M.G.L. c. 151(B) § 4 (5) Porter)

34. Plaintiff repeats the allegations set forth above and below as if fully contained herein.

35. Porter aided, abetted, compelled and coerced AAA to violate the prohibitions of chapter 151B of the M.G.L.

36. Porter actively and intentionally provided substantial and supportive assistance to AAA's intentional discriminatory conduct in violation of chapter 151B of the M.G.L.

37. AAA terminated Zaccaria with the intentional and knowing assistance of Porter.

38. As a result of Defendants unlawful conduct, Zaccaria has sustained damages including, but not limited to: lost wages, lost benefits, emotional distress, attorneys' fees, costs and interest.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff respectfully requests an Order and Determination:

a. pursuant to MGL c.151B § 4(16),

b. declaring that the acts and practices complained of herein are in violation of the MGL;

c. preliminarily and permanently enjoining these violations of the MGL;

d. directing Defendants to place Plaintiff in the position he would have occupied but for Defendants discriminatory treatment of him, and make him whole for all

earning he would have received but for Defendants discriminatory treatment, including, but not limited to, wages, bonuses, pension and other lost benefits;

      e.    directing Defendants to pay Plaintiff compensatory damages for his emotional distress and humiliation;

      f.    directing Defendants to pay complainant punitive damages for their intentional disregard or and/or reckless indifference to Plaintiff's statutory rights;

      g.    awarding complainant any costs of this action together with reasonable attorneys' fees;

      h.    awarding such further relief as is deemed necessary and proper.

DATED: November 5, 2021      **BURGER LAW GROUP PLLC**

By: _/s/ Sarah J. Burger_

Sarah Burger, Esq.
BBO#: 569370
sburger@burgerlawgroup.com
Tyler Choiniere, Esq.
BBO #: 707034
tchoiniere@burgerlawgroup.com
Attorneys for Plaintiff
One Boston Place, Suite 2600
Boston, MA 02108
Tel. (617) 419.7152
Fax (857) 239.8801

LMS Packing Slip

# Package ID: 3614116

| | |
|---|---|
| **Tracking Number:** | 287221580241 |
| **Package Recipient:** | Tiffany Edouard |
| **Recipient Company:** | AAA Northeast |
| **Recipient Address:** | 110 Royal Little Dr   Providence RI 02904-1860 USA |
| **Phone Number:** | 4018682000 2109 |

**Package Contents:**

| Transmittal Number | Case Number | Title of Action |
|---|---|---|
| 24166153 | 2184CV02586 | Craig Zaccaria vs. AAA Northeast |